# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JAMES EDWARD GREEN**                          **CIVIL ACTION**

**VERSUS**                                      **NO.  12-1992**

**NEW ORLEANS**                                 **SECTION  "H"(4)**
**POLICE DEPARTMENT, ET. AL**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

## I.    Factual Summary

The plaintiff, James E. Green ("Green"), is an inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.  Green filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against City of New Orleans Police Department, Magistrate Court Section "MI", HHarris 4, Orleans Parish District Attorney Leon Cannizaro, Jr., and Honorable Darryl Derbigny, (collectively, "Defendants") seeking monetary compensation for the denial of his right to a speedy trial.

Green alleges that, on February 2, 2007 he was arrested, but appeared before a Magistrate Judge on February 16, 2007. Green contends that this delay was caused by the "failure of New Orleans Police Department," without further specification. Green alleges the Magistrate Court failed to give him a timely probable cause hearing pursuant to La.C.Cr.P. art. 230.2[1]. Green also contends that District Attorney Cannizaro Jr., failed to prosecute him in a timely manner pursuant to La.C.Cr.P. art. 701[2]. Green further alleges that Honorable Darryl Derbigny denied him the right to a speedy trial. Much of the complaint is confusing, but it appears as relief he requests habeas corpus relief[3] and monetary damages stemming from the violation of his constitutional rights and pain and suffering.

## II.      Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such

---

[1]Art. 230.2.  Probable cause determinations; persons arrested without a warrant and continued in custody; bail

[2]Art. 701.  Right to a speedy trial

[3]Green seeks relief "for habeas corpus writ for release from his current confinement."

as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.   Analysis

### A.   Habeas Petition

As an initial matter, the Court notes that Green seeks in his complaint "habeas corpus writ for release from his current confinement".  However, a release from his current confinement cannot be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983.  Rather, Green must seek that form of relief in a federal habeas corpus proceeding after exhausting his remedies in the state courts.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Boyd v. Biggers*, 31 F.3d 279, 283 n.4 (5th Cir. 1994).  As stated in Green's complaint, Louisiana provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. *See* La.C.Cr.P. art. 701.[4]  Before Green may seek federal habeas

---

[4]The remedy provided for in La.C.Cr.P. art. 701 is as follows: "Failure to institute prosecution as provided in Subparagraph (1) shall result in release of the defendant if, after contradictory hearing with the district attorney, just cause for the failure is not shown."

relief, he must first avail himself of these or any other available remedies provided by the State of Louisiana.

      **B.**    **The *Heck* Doctrine**

Because Green has alleged that the state trial Court did not honor his right to a speedy trial of his criminal claims, which constitutes a direct challenge on the validity of his current sentence and confinement, any remaining portions thereof are barred from review under § 1983 at this time. Before a plaintiff can proceed under § 1983 on such a claim, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Jackson*, 49 F.3d at 177.

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. This limitation on a § 1983 plaintiff avoids collateral attacks on convictions that are still outstanding. *Id.*, 512 U.S. at 484-85.

Here, Green contends that he was not granted his right to a speedy trial. However, Green's conviction and sentence were affirmed and have not been called into question by a state or federal court as described in *Heck*.[5] The *Heck* bar would normally call for the dismissal of his claims until the *Heck* conditions are met. However, it is well settled in the Fifth Circuit that before application of the *Heck* doctrine, the Court must address dismissal of improper and immune defendants. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold

_____

[5]*Id.*

matter prior to applying *Heck*).   In this case, Jackson has named improper defendants and/or defendants who are otherwise immune from suit against whom § 1983 liability will not stand.  Thus, the claims against the following defendants must be dismissed as a threshold matter without application of the *Heck* doctrine to Jackson's complaint.

### C.   Claims Against Individual Defendants

#### 1.   New Orleans Police Department

Green has named as a defendant the New Orleans Police Department.  Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting "under color of law."  42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  The claims against these defendants are frivolous and otherwise fail to state a claim for which relief can be granted, because a police department is not a legal entity or person capable of being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988).  The State of Louisiana grants no such legal status to any law enforcement office or department.  *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. Ct. App. 1977), *writ refused*, 352 So.2d 235 (La. 1977), *overruled on other grounds by Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669 (La. 1981).[6]  The City of New Orleans Police Department is not a "person" for purposes of § 1983 liability.  *See Knight v Colens*, No. 06-CV-4538, 2006 WL 2849774 at *5 (E.D. La. Oct. 3, 2006) ("[t]he police department is not a legal entity or person capable of being sued").  Under these circumstances, all claims against the City of New Orleans Police Department must be dismissed as both legally frivolous because these claims fail to state a claim for which relief can be granted.

---

[6]In *Liberty Mutual*, the Louisiana Supreme Court stated that a present sheriff could not be liable in his official capacity for the alleged acts of negligence committed by a former sheriff.  *Id.* at 236.  Subsequently, the Louisiana Supreme Court overruled *Liberty Mutual* only as to this issue and noted that the plaintiff could recover from a current sheriff for actions occurring during the tenure of a previous sheriff.  *Jenkins*, 402 So.2d 669.

### 2.      Magistrate Court

Green's Complaint sued Harris as "Magistrate Court, Section MI, HHarris 4."  (R. Doc. 1, p. 1).  To the degree Green has also sought to sue the Magistrate Court itself in addition to one against Judge Harris, Green's Complaint is also frivolous.  Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state which the district court is held."  *See* Fed.R.Civ.P. 17(b).

According to Fed.R.Civ.P. 17(b), Louisiana law governs whether the Magistrate Court is an entity which can be sued.  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code. art. 24.

Under these guidelines, the Louisiana state courts are not suable juridical entities.  *Moity v. La. State Bar Ass'n*, 414 F.Supp. 180, 182 (E.D. La. 1976); *accord Bellow v. Charbonnet*, No. 98-3212, 1999 WL 203740 at * 1 (E.D. La. Apr. 7, 1999) (judicial expense fund for the Orleans Parish Civil District Court did not have procedural capacity to sue or be sued under Louisiana law); *see also Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Harris v. Champion*, 51 F.3d 901, 905 (10th Cir. 1995); *Clark v. Clark*, 984 F.3d 272 (8th Cir. 1993); *Ward v. Morris*, 895 F. Supp. 116, 117 (N.D. Miss. 1995).  Green's claims against the Magistrate Court should be dismissed as legally frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

### 3.      Judges Harris and Derbigny

Green names Louisiana State Court Judges "H. Harris" and Darryl Derbigny as defendants. and the claims against them are also subject to dismissal as frivolous.

6

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face.  *See Mireles v. Waco*, 502 U.S. 9, 10 (1991).  In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter.  *Boyd*, at 284.

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings.  *Mays*, 97 F.3d at 110-11.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Id.* at 111 (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further citation omitted)).

The doctrine of absolute judicial immunity bars Green's suit for monetary damages against Judges Harris and Derbigny.  The claim must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

### 4.    District Attorney Leon Cannizaro, Jr.

Green alleges that District Attorney Cannizaro, Jr., failed to prosecute him in a timely manner.  However, he does not indicate a constitutional violation or basis for District Attorney Cannizaro, Jr.'s alleged liability under § 1983.  Green only alleges District Attorney Cannizaro, Jr.'s liability under La. Code Crim. Proc. Ann. art. 701.

Even assuming *arguendo* that this procedural statute provides a hypothetical basis for liability, Green's claims are frivolous.  The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability.  Such officials include prosecutors in

the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of the case." *Mays*, 97 F.3d at 110. In other words, immunity attaches to particular official's functions, not to the particular office he or she holds. *Forrester*, 484 U.S. at 229; *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Green's claims against Cannizaro, Jr. are intimately associated with his role in the bringing of charges and the criminal court process. Green's challenge is to the prosecution of the charge itself and Cannizaro, Jr.'s presentation of the case before the state court. Cannizaro, Jr. is clearly entitled to absolute immunity from suit for their role in bringing and prosecuting the charges against Green. The claims against these defendants in their individual capacity must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

It is not clear whether Green sought to bring his claims against Cannizaro, Jr. in both his individual and official capacities. To the extent Cannizaro is named in his official capacity, however, Green's claims are also frivolous. Suit against a prosecutor named in his or her official

8

capacity is suit against the entity he or she represents; in this case, that is the Parish of Orleans. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999);[7] *see also Kentucky v. Graham*, 473 U.S. 473 U.S. 159, 165 (1985).  A District Attorney, as a representative of the Parish, could be liable under § 1983 only if his actions were in execution of an unconstitutional Parish policy or custom which inflicted injury or damage upon the plaintiff.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Green would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

Green, however, has not asserted that the alleged errors in the prosecution of his case were the result of an unconstitutional policy or custom of Orleans Parish as contemplated in *Monell*. Therefore, any claims against Cannizaro, Jr. in his official capacity is frivolous or otherwise fails to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.

## IV.   Recommendation

It is therefore **RECOMMENDED** that plaintiff James E. Green's § 1983 claims against the defendants,  New Orleans Police Department, Magistrate Court Section "MI", HHarris 4, Orleans Parish District Attorney Leon Cannizaro Jr. in his individual and official capacities, and the Honorable Darryl Derbigny be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and for otherwise for seeking relief against an immune

---

[7]In *Burge*, the Fifth Circuit made clear that in Louisiana, a district attorney is not entitled to Eleventh Amendment Immunity afforded to the State.  Instead, the district attorney is a functionary of the local parish government, whose liability is to be addressed under *Monell*, discussed *infra*.  *Id.*

9

defendant pursuant 28 U.S.C. §§ 1915 and 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this 6th day of September, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.